1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
FILED
13 AUG 22   PM 2:22
OFFICE OF THE CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

8:13mc72

**Federal Trade Commission,**

  Plaintiff,

  vs.

**Money Now Funding, LLC**, an Arizona limited liability company, a/k/a Money Now Funded, a/k/a Cash4Businesses, a/k/a CashFourBusinesses;

**Rose Marketing, LLC**, an Arizona limited liability company;

**DePaola Marketing, LLC**, an Arizona limited liability company;

**Affiliate Marketing Group, LLC**, an Arizona limited liability company;

**Legal Doxs, LLC**, an Arizona limited liability company, a/k/a First Business, LLC;

**US Doc Assist, LLC**, an Arizona limited liability company, a/k/a First Business, LLC;

**Affinity Technologies, LLC**, an Arizona limited liability company;

**Marketing Expert Solutions, LLC**, an Arizona limited liability company;

**Lukeroy K. Rose,** a/k/a Luke Rose, individually, as manager/member of Defendants Affinity Technologies, LLC and Rose Marketing, LLC, and as the *de facto* principal of Defendants Money Now Funding, LLC, DePaola Marketing, LLC, and Affiliate Marketing Group, LLC;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. CV-13-01583-PHX-ROS

PRELIMINARY INJUNCTION ORDER WITH ASSET FREEZE, APPOINTMENT OF A PERMANENT RECEIVER, AND OTHER EQUITABLE RELIEF

1

**Cordell Bess**, a/k/a Blaine Thompson, also d/b/a JJB Marketing, individually and as *de facto* officer of Defendants Money Now Funding, LLC and Rose Marketing, LLC;

**Solana DePaola**, individually and as *de facto* officer of Defendant Money Now Funding, LLC and as manager/member of Defendant DePaola Marketing, LLC;

**Jennifer Beckman**, individually and as manager/member of Defendant Marketing Expert Solutions, LLC;

**William D. Claspell**, a/k/a Bill Claspell, an individual;

**Richard Frost**, a/k/a Richard Strickland, an individual;

**Dino Mitchell**, a/k/a Dino Jones, an individual;

**Clinton Rackley**, a/k/a Clinton Fosse, an individual;

**Lance Himes**, a/k/a Lance R. Himes, a/k/a Raymond L. Himes, a/k/a Lance Haist, individually and as *de facto* principal of Defendants Legal Doxs, LLC and US Doc Assist, LLC;

**Leary Darling**, individually, as a member and *de facto* officer of Defendant US Doc Assist, LLC, and as a *de facto* officer of Defendant Legal Doxs, LLC;

**Donna F. Duckett**, an individual, also d/b/a D&D Marketing Solutions;

**Della Frost**, an individual, also d/b/a ZoomDocs, also d/b/a Zoom Docs LLC;

**Christopher Grimes**, an individual, also d/b/a Elite Marketing Strategies;

**Alannah M. Harre**, an individual, also d/b/a National Marketing Group;

**Ronald W. Hobbs**, a/k/a Ron Hobbs, an individual, also d/b/a Ron Hobbs & Associates, also d/b/a Sales Academy USA, LLC;

**Janine Lilly**, an individual, also d/b/a Doc Assistant;

**Michael McIntyre**, an individual, also d/b/a McIntyre Marketing;

**Benny Montgomery**, an individual, also d/b/a Montgomery Marketing;

2

1   **Virginia Rios**, an individual, also d/b/a V&R Marketing          )
    Solutions; and                                                      )
2                                                                       )
    **Kendrick Thomas**, an individual, also d/b/a KT                   )
3   Advertising,                                                        )
                                                                        )
4              Defendants.                                              )
                                                                        )

5

6          This Court held a hearing on August 14, 2013 regarding the Federal Trade

7   Commission's ("FTC") request for a preliminary injunction. Attorney Melvin McDonald

8   appeared on behalf of the Himes Defendants. The Court asked Mr. McDonald whether

9   he had any objection to entry of a Preliminary Injunction in this case. Mr. McDonald

10  stated that he did not.

11         Mr. McDonald has now filed an objection to the FTC's proposed preliminary

12  injunction order (Doc. 49) that focuses solely on a demand for attorneys' fees. As was

13  discussed at the hearing, this is a collateral matter.

14         The FTC has filed its Complaint for Permanent Injunction and Other Equitable

15  Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC

16  Act"), 15 U.S.C. §§ 53(b) and 57b, and has applied for a temporary restraining order

17  ("TRO"), asset freeze, other equitable relief, and an order to show cause why a

18  preliminary injunction should not issue pursuant to Rule 65 of the Federal Rules of Civil

19  Procedure. The Court held a show cause hearing on August 14, 2013 at which the

20  Corporate Defendants and the following individual Defendants had the opportunity to

21  present evidence and arguments: Lukeroy K. Rose, Solana DePaola, Jennifer Beckman,

22  William D. Claspell, Richard Frost, Dino Mitchell, Lance Himes, Leary Darling, Donna

23  F. Duckett, Della Frost, Alannah M. Harre, Janine Lilly, Michael McIntyre, Benny

24  Montgomery, and Kendrick Thomas.[1]  Attorneys representing Defendants Lukeroy K.

25  Rose and Solana DePaola and attorneys representing Defendants Lance Himes, Leary

26

27         [1] Despite best efforts of the process server, individual defendants Cordell Bess,
    Clinton Rackley, Ronald Hobbs, Virginia Rios, and Christopher Grimes have not yet
28  been served with the complaint and TRO papers.

3

1   Darling, and their corporate entities appeared; no other defendants appeared or were

2   represented. Defense counsel, on behalf of their clients, did not oppose entry of a

3   Preliminary Injunction Order. Accordingly, having considered all the arguments,

4   evidence, and pleadings filed in this matter, the Court now finds as follows.

5   **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

6       1.    This Court has jurisdiction over the subject matter of this case, jurisdiction

7   over all parties, and venue in this district is proper.

8       2.    There is good cause to believe that Defendants  Money Now Funding, LLC,

9   Rose Marketing, LLC, DePaola Marketing, LLC, Affiliate Marketing Group, LLC, Legal

10   Doxs, LLC, US Doc Assist, LLC, Affinity Technologies, LLC, Marketing Expert

11   Solutions, LLC, Lukeroy K. Rose, Cordell Bess, Solana DePaola, Jennifer Beckman,

12   William D. Claspell, Richard Frost, Dino Mitchell, Clinton Rackley, Lance Himes, Leary

13   Darling, Donna F. Duckett, Della Frost, Christopher Grimes, Alannah M. Harre, Ronald

14   W. Hobbs, Janine Lilly, Michael McIntyre, Benny Montgomery, Virginia Rios, and

15   Kendrick Thomas have engaged in and are likely to engage in acts and practices that

16   violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Trade Regulation Rule

17   entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities"

18   ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended, and the FTC's

19   Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR" or "Rule"), 16 C.F.R.

20   Part 310, and that the Commission is likely to prevail on the merits of this action.

21       3.    There is good cause to believe that immediate and irreparable harm will

22   result from Defendants' ongoing violations of the FTC Act, the Business Opportunity

23   Rule, and the TSR unless Defendants are restrained and enjoined by Order of this Court.

24       4.    There is good cause to believe that immediate and irreparable damage to

25   the Court's ability to grant effective final relief for consumers – including the refund of

26   monies paid, restitution, or rescission or reformation of contract – will occur from the

27   sale, transfer, or other disposition or concealment by Defendants of assets or records, and

28

4

1  that therefore in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that

2  this Order be granted.

3       5.     Good cause exists for (a) the appointment of a Permanent Receiver over

4  Corporate Defendants Money Now Funding, LLC; Rose Marketing, LLC; DePaola

5  Marketing, LLC; Affiliate Marketing Group, LLC; Legal Doxs, LLC; US Doc Assist,

6  LLC; Affinity Technologies, LLC; and Marketing Expert Solutions, LLC; (b) freezing of

7  Defendants' assets; and (c) the ancillary relief ordered below.

8       6.     Considering Plaintiff's likelihood of ultimate success and weighing the

9  equities, a Preliminary Injunction with asset freeze, the appointment of a Permanent

10  Receiver, and other equitable relief is in the public interest.

11       7.     No security is required of any agency of the United States for issuance of a

12  preliminary injunction. Fed. R. Civ. P. 65(c).

13       To the extent any of Findings of Fact are more properly characterized as

14  Conclusions of Law, they should be so considered; to the extent any Conclusions of Law

15  are more properly characterized as Findings of Fact, they should be so considered.

16  **DEFINITIONS**

17       For purpose of this Order, the following definitions shall apply:

18       1.     **"Asset"** means  any legal or equitable interest in, right to, or claim to, any

19  real, personal, or intellectual property of any Corporate Defendant or Individual

20  Defendant, or held for the benefit of any Corporate Defendant or Individual Defendant,

21  wherever located, including, but not limited to, chattel, goods, instruments, equipment,

22  fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares

23  of stock, securities, inventory, checks, notes, accounts, credits, receivables (as those

24  terms are defined in the Uniform Commercial Code), cash, trusts, including, but not

25  limited to, any  trust held for the benefit of any of the Defendants, and reserve funds or

26  any other accounts associated with payments processed by, or on behalf of, any of the

27  Defendants, including, but not limited to, reserve funds held by payment processors or

28  financial institutions.

5

2.      **"Business Opportunity Rule"** means the FTC Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" 16 C.F.R. Part 437, as amended.

3.      **"Corporate Defendants"** means Money Now Funding, LLC, Rose Marketing, LLC, DePaola Marketing, LLC, Affiliate Marketing Group, LLC, Legal Doxs, LLC, US Doc Assist, LLC, Affinity Technologies, LLC, Marketing Expert Solutions, LLC and their successors and assigns.

4.      **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

5.      The term **"document"** is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6.      **"Individual Defendants"** Lukeroy K. Rose, Solana DePaola, Jennifer Beckman, William D. Claspell, Richard Frost, Dino Mitchell, Lance Himes, Leary Darling, Donna F. Duckett, Della Frost, Alannah M. Harre, Janine Lilly, Michael McIntyre, Benny Montgomery, and Kendrick Thomas individually, collectively, or in any combination.

7.      **"Material"** means likely to affect a person's choice of, or conduct regarding, opportunities, products or services.

8.      **"National Do Not Call Registry"** means the registry of telephone numbers maintained by the FTC, pursuant to the Telemarketing Sales Rule, 16 C.F.R. section 310.4(b)(1)(iii)(B) , of Persons who do not wish to receive Outbound Telephone Calls to induce the purchase of goods or services.

9.    **"Outbound Telephone Call"** means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

10.    **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

11.    **"Plaintiff"** means the Federal Trade Commission.

12.    **"Receiver"** means the permanent receiver appointed in Section XIII of this Order and any deputy receivers that shall be named by the permanent receiver.

13.    **"Receivership Defendants"** means the Corporate Defendants.

14.    **"Representatives"** means Defendants' officers, agents, servants, employees, or attorneys, and any other person in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

15.    **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the TSR.

16.    **"Work-at-home Opportunity"** means any good, service, plan, or program that is represented, expressly or by implication, to assist an individual in any manner to earn money while working from home or from locations other than the business premises of the Defendants.

## ORDER

### I.

### PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants and their Representatives, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any products or services, are **hereby preliminarily restrained and enjoined** from making, in any manner, expressly or by

7

1  implication, any false or unsubstantiated representations of any material fact including,

2  but not limited to:

3      A.      That any Defendant or other person offers, sells, or provides loans or cash

4  advances;

5      B.      The amount of income, earnings, or profits that a person may or is likely to

6  earn, or that other persons have earned;

7      C.      That any Defendants or other person will provide, locate, or obtain leads

8  containing the names or contact information of persons potentially interested in

9  Defendants products or services;

10     D.      That any Defendant or other person will contact, sell, or provide services to

11  businesses consumers refer;

12     E.      The total cost to purchase, receive, or use any products or services; or

13     F.      Any material aspect of the performance, efficacy, nature, or central

14  characteristics any product or service.

15                                          **II.**

16  **PROHIBITIONS RELATED TO THE SALE AND MARKETING OF BUSINESS**

17                    **OR WORK AT HOME OPPORTUNITIES**

18      **IT IS ORDERED** that Defendants and their Representatives, whether acting

19  directly or indirectly, in connection with the advertising, marketing, promotion, offering

20  for sale, or sale of any business opportunity or Work-at-home opportunity, are **hereby**

21  **preliminarily restrained and enjoined** from:

22      A.      Failing to disclose, or disclose adequately, in writing material information

23  pertaining to the any opportunity at least seven (7) days before the consumer signs a

24  contract or makes a payment in connection with that opportunity including:

25          1.      Basic identifying information of the seller of the opportunity,

26                  including the seller's name, business address, and telephone number;

27

28

8

1     2.  Any civil or criminal actions against the seller or affiliates of the

2         seller for misrepresentation, fraud, or unfair or deceptive practices

3         within the 10 years preceding the date that the opportunity is offered;

4     3.  Material terms and conditions of any cancellation or refund policy;

5         or

6     4.  Any claim of actual or potential earnings that purchasers of the

7         opportunity may experience.

8   B.  Making any earnings claims unless there is (1) a reasonable basis for the

9 claim at the time the claim is made; and (2) written substantiation for the earnings claim

10 in the possession of Defendants' at the time the claim is made;

11   C.  Violating the Business Opportunity Rule, 16 C.F.R. Part 437, as amended,

12 a copy of which is attached.

13              **III.**

14       **PROHIBITIONS AGAINST VIOLATING**

15       **THE TELEMARKETING SALES RULE**

16   **IT IS ORDERED** that Defendants and their Representatives, whether acting

17 directly or indirectly, in connection with Telemarketing of any product or service, are

18 **hereby preliminarily restrained and enjoined** from engaging in violations of the

19 Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

20   A.  Initiating, or causing others to initiate, an outbound telephone call (1) to a

21 person's telephone number on the National Do Not Call Registry or (2) to a person who

22 previously has stated that he or she does not wish to receive an outbound telephone call

23 made by or on behalf of the seller whose goods or services are being offered;

24   B.  Causing the telephone to ring or engaging persons in telephone

25 conversation repeatedly or continuously, with intent to annoy, abuse, or harass the person

26 at the called number;

27   C.  Threating, intimidating, or the using of profane or obscene language; or

28

9

1        D.      Initiating outbound telephone calls to a telephone number within a given

2 area code on behalf of a seller who has not, either directly or through another person, paid

3 the required annual fee for access to the telephone numbers within that area code that are

4 included in the National Do Not Call Registry.

5 **IV.**

6 **ASSET FREEZE**

7        **IT IS ORDERED** that Defendants and their Representatives, whether acting

8 directly indirectly, are **hereby preliminarily restrained and enjoined** from:

9        A.      Transferring, liquidating, converting, encumbering, pledging, loaning,

10 selling, concealing, dissipating, disbursing, assigning, spending, conveying, gifting,

11 withdrawing, granting a lien or security interest or other interest in, or otherwise

12 disposing of any funds, real or personal property, accounts, contracts, consumer lists,

13 shares of stock, or other assets, or any interest therein, wherever located, whether within

14 the United States or within a jurisdiction outside the United States, that are: (1) owned or

15 controlled by any of the Defendants, in whole or in part; (2) held for the benefit of any of

16 the Defendants; (3) in the actual or constructive possession of any of the Defendants; or

17 (4) owned, controlled by, or in the actual or constructive possession of, or otherwise held

18 for the benefit of any corporation, partnership, or other entity directly or indirectly

19 owned, managed, or controlled by any of the Defendants including, but not limited to,

20 any assets held by or for, or subject to access by any of the Defendants at any bank or

21 savings and loan institution, or with any broker-dealer, escrow agent, title company,

22 commodity trading company, precious metals dealer, or other financial institution or

23 depository institution of any kind;

24        B.      Opening or causing to be opened any safe deposit boxes titled in the name

25 of, or subject to access by, any of the Defendants;

26        C.      Incurring charges or cash advances on any credit card issued in the name,

27 singly or jointly, of any of the Corporate Defendants;

28

10

1

D.     Obtaining a personal or secured loan encumbering the assets of any of the

2   Defendants, or any corporation, partnership, or other entity directly or indirectly owned,

3   managed, or controlled by any of the Defendants; or

4

E.     Incurring liens or other encumbrances on real property, personal property or

5   other assets titled in the name, singly or jointly, of any of the Defendants or any

6   corporation, partnership, or other entity directly or indirectly owned, managed, or

7   controlled by any of the Defendants.

8   *Provided*, that the assets affected by this Section IV shall include: (1) all assets of

9   any of the Defendants as of the time of issuance of this Order; and (2) assets obtained

10   after the time of issuance of this Order if the assets are derived from the conduct alleged

11   in the Commission's Complaint.

12   *Provided further*, that this Section IV shall not prevent the Individual Defendants

13   from paying bills or making purchases of necessaries with funds obtained by them

14   subsequent to imposition of the asset freeze from any legitimate source, such as funds

15   borrowed from family, friends, or others; income from lawful employment; or charges

16   made to those individual defendants' credit cards.

17

## V.

18

## DUTIES OF ASSET HOLDERS

19   **IT IS ORDERED** that any financial or brokerage institution, credit card

20   processing company, payment processor, merchant bank, acquiring bank, independent

21   sales organization, business entity, or person served with a copy of this Order, or who

22   otherwise has actual knowledge of this Order, that (a) holds, controls or maintains

23   custody of any account, safe deposit box, or other asset of any of the Defendants, (b)

24   holds, controls, or maintains custody of any asset associated with credits, debits, or

25   charges made on behalf of any of the Defendants, including, but not limited to, reserve

26   funds held by payment processors or other entities, or (c) has held, controlled, or

27   maintained any such account, safe deposit box, or other asset at any time since August 1,

28   2010 shall:

1      A.      Hold and retain within its control and prohibit the withdrawal, removal,

2   assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or

3   other disposal of any such asset, except by further order of the Court;

4      B.      Deny any person, except the Receiver acting pursuant to Section XIV of

5   this Order, access to any safe deposit box that is titled in the name of, individually or

6   jointly, or otherwise subject to access by, any of the Defendants;

7      C.      Provide the Commission's counsel and to the Receiver, within five (5)

8   business days of receiving a copy of this Order, a sworn statement setting forth:

9              1.      The identification number of each such account or asset titled in the

10                     name, individually or jointly, of any of the Defendants, or held on

11                     behalf of or for the benefit of any of the Defendants;

12             2.      The balance of each such account, or a description of the nature and

13                     value of such asset as of the close of business on the day on which

14                     this Order is served, and, if the account or other asset has been

15                     closed or removed, the date closed or removed, the total funds

16                     removed in order to close the account, and the name of the person or

17                     entity to whom such account or other asset was remitted; and

18             3.      The identification of any safe deposit box that is titled in the name

19                     of, individually or jointly, or otherwise subject to access by any of

20                     the Defendants; and

21     D.      Upon request by the Commission, promptly provide the Commission with

22   copies of all records or other documentation pertaining to each such account or asset,

23   including, but not limited to, originals or copies of account applications, account

24   statements, signature cards, checks, drafts, deposit tickets, transfers to and from the

25   accounts, all other debit and credit instruments or slips, currency transaction reports,

26   1099 forms, and safe deposit box logs.

27

28

1

## VI.

## FINANCIAL DISCLOSURES

**IT IS ORDERED** that within three (3) calendar days of service of this Order, each of the Defendants shall prepare and deliver the following forms to counsel for the Commission and to the Receiver:

A.    Completed financial statements on the forms attached to this Order as Attachment A (Financial Statement of Individual Defendant) for themselves individually and Attachment B (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, and for each trust for which any Defendant is a trustee. The financial statements shall be accurate as of the date of entry of this Order. Each Defendant shall include in the financial statements a full accounting of all funds and assets, whether located inside or outside of the United States, that are: (1) titled in the name of such Defendant, jointly, severally, or individually; (2) held by any person or entity for the benefit of such Defendant; or (3) under the direct or indirect control of such Defendant. Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements; and

B.    Attachment C (Consent to Release and Request for Copy of Tax Return).

## VII.

## REPATRIATION OF ASSETS AND DOCUMENTS

**IT IS ORDERED** that within five (5) days following the service of this Order, each of the Defendants shall:

A.    Provide the Commission and the Receiver with a full accounting of all funds, documents, and assets outside of the United States which are: (1) titled in the name, individually or jointly, of any of the Defendants; or (2) held by any person or entity for the benefit of any of the Defendants; or (3) under the direct or indirect control, whether jointly or singly, of any of the Defendants;

13

1        B.     Transfer to the territory of the United States and deliver to the Receiver all

2    funds, documents, and assets located in foreign countries which are:  (1) titled in the

3    name individually or jointly of any of the Defendants; or (2) held by any person or entity,

4    for the benefit of any of the Defendants; or (3) under the direct or indirect control of any

5    of the Defendants, whether jointly or singly;

6        C.     Provide the Commission access to all records of accounts or assets of any

7    of the Defendants held by financial institutions located outside the territorial United

8    States by signing the Consent to Release of Financial Records appended to this Order as

9    Attachment C.

10    **VIII.**

11    **NON-INTERFERENCE WITH REPATRIATION**

12    **IT IS ORDERED that** Defendants and their Representatives are hereby

13    preliminarily restrained and enjoined from taking any action, directly or indirectly, which

14    may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the

15    repatriation required by Section VII of this Order, including, but not limited to:

16        A.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning

17    or engaging in any other act, directly or indirectly, that results in a determination by a

18    foreign trustee or other entity that a "duress" event has occurred under the terms of a

19    foreign trust agreement until such time that all assets have been fully repatriated pursuant

20    to Section VII of this Order;

21        B.     Notifying any trustee, protector or other agent of any foreign trust or other

22    related entities of either the existence of this Order, or of the fact that repatriation is

23    required pursuant to a court order, until such time that all assets have been fully

24    repatriated pursuant to Section VII of this Order.

25    **IX.**

26    **CONSUMER CREDIT REPORTS**

27    **IT IS ORDERED** that pursuant to Section 604(a)(1) of the Fair Credit Reporting

28    Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency served with this Order

14

1  shall promptly furnish consumer reports as requested concerning any of the Defendants to

2  the Commission.

3                                     **X.**

4                       **PRESERVATION OF RECORDS**

5      **IT IS ORDERED** that Defendants and their Representatives, whether acting

6  directly or through any entity, corporation, subsidiary, division, director, manager,

7  member, affiliate, independent contractor, accountant, financial advisor, or other device,

8  are hereby preliminarily restrained and enjoined from:

9      A.      Destroying, erasing, falsifying, writing over, mutilating, concealing,

10  altering, transferring, or otherwise disposing of, in any manner, directly or indirectly,

11  Documents that relate to: (1) the business, business practices, Assets, or business or

12  personal finances of any of the Defendants, (2) the business practices or finances of

13  entities directly or indirectly under the control of any of the Defendants, or (3) the

14  business practices or finances of entities directly or indirectly under common control with

15  any other Defendant, including:  any and all marketing materials, World Wide Web

16  pages, consumer complaints, rate decks, call detail records, telephone logs, telephone

17  scripts, contracts, correspondence, email, corporate books and records, accounting data,

18  financial statements, receipt books, ledgers, personal and business canceled checks and

19  check registers, bank statements, calendars, appointment books, and tax returns; and

20      B.      Failing to create and maintain Documents that, in reasonable detail,

21  accurately, fairly, and completely reflect Defendants' incomes, disbursements,

22  transactions, and use of Defendants' Assets.

23                                     **XI.**

24                **NOTIFICATION OF NEW BUSINESS ACTIVITY**

25      **IT IS ORDERED** that Defendants and their Representatives, whether acting

26  directly or through any entity, corporation, subsidiary, division, director, manager,

27  member, affiliate, independent contractor, accountant, financial advisor, or other device,

28  are hereby preliminarily restrained and enjoined from creating, operating, or exercising

15

1   any control over any new business entity, whether newly formed or previously inactive,

2   including any partnership, limited partnership, joint venture, sole proprietorship, or

3   corporation, without first providing counsel for the FTC with a written statement

4   disclosing:  (1) the name of the business entity; (2) the address and telephone number of

5   the business entity; (3) the names of the business entity's officers, directors, principals,

6   managers, members, and employees; and (4) a detailed description of the business

7   entity's intended activities.

8                                              **XII.**

9                    **PROHIBITION ON RELEASE OF CONSUMER INFORMATION**

10          **IT IS ORDERED** that Defendants and their Representatives, whether acting

11   directly or indirectly, are hereby preliminarily restrained and enjoined from selling,

12   renting, leasing, transferring, using, disclosing, or otherwise benefitting from the name,

13   address, telephone number, credit card number, bank account number, email address, or

14   other identifying information of any Person who: (1) paid money to the Defendants, (2)

15   was previously contacted by the Defendants in connection with the sale of business

16   opportunities, Work-at-home opportunities, or any service to assist in the creation,

17   advertising, marketing, promotion, or operation of a business opportunity or work-at-

18   home opportunity, including, but not limited to website development, advertising,

19   marketing, lead generation, social media promotion, search engine optimization, training,

20   and business establishment services,  (3) who was on a list to be contacted by the

21   Defendants; provided, however, that Defendants may disclose such identifying

22   information to a law enforcement agency or as required by any law, regulation, or court

23   order.

24                                              **XIII.**

25                       **APPOINTMENT OF PERMANENT RECEIVER**

26          **IT IS ORDERED** that Peter S. Davis of Simon Consulting, LLC is appointed

27   permanent receiver for the Receivership Defendants, as well as for any affiliates,

28   subsidiaries, divisions, or telephone sales or customer service operations, wherever

                                              16

1  located, with the full power of an equity receiver. The Receiver shall be the agent of this

2  Court, and solely the agent of this Court, in acting as Receiver under this Order. The

3  Receiver shall be accountable directly to this Court.

## XIV.

## RECEIVER'S DUTIES

6  **IT IS ORDERED** that the Receiver is authorized and directed to accomplish the

7  following:

8        A.    Assume full control of the Receivership Defendants by removing, as the

9  Receiver deems necessary or advisable, any director, officer, independent contractor,

10  employee, or agent of any of the Receivership Defendants, including any Defendant,

11  from control of, management of, or participation in, the affairs of the Receivership

12  Defendants;

13        B.    Take exclusive custody, control, and possession of all assets and documents

14  of, or in the possession, custody, or under the control of, the Receivership Defendants,

15  wherever situated. The Receiver shall have full power to divert mail and to sue for,

16  collect, receive, take in possession, hold, and manage all assets and documents of the

17  Receivership Defendants and other persons or entities whose interests are now under the

18  direction, possession, custody, or control of, the Receivership Defendants. The Receiver

19  shall assume control over the income and profits therefrom and all sums of money now or

20  hereafter due or owing to the Receivership Defendants. *Provided, however*, that the

21  Receiver shall not attempt to collect any amount from a consumer if the Receiver

22  believes the consumer was a victim of the unfair or deceptive acts or practices or other

23  violations of law alleged in the Complaint in this matter, without prior Court approval;

24        C.    Take all steps necessary to secure each location from which the

25  Receivership Defendants operate or have operated their businesses. Such steps may

26  include, but are not limited to, any of the following, as the Receiver deems necessary or

27  advisable: (1) serving this Order; (2) completing a written inventory of all Receivership

28  assets; (3) obtaining pertinent information from all employees and other agents of the

17

1    Receivership Defendants, including, but not limited to, the name, home address, Social

2    Security Number, job description, passwords or access codes, method of compensation,

3    and all accrued and unpaid commissions and compensation of each such employee or

4    agent; (4) photographing and videotaping any or all portions of the location; (5) securing

5    the location by changing the locks and disconnecting any computer modems or other

6    means of access to the computer or other records maintained at that location; and

7    (6) requiring any persons present on the premises at the time this Order is served to leave

8    the premises, to provide the Receiver with proof of identification, or to demonstrate to the

9    satisfaction of the Receiver that such persons are not removing from the premises

10   documents or assets of the Receivership Defendants.  Law enforcement personnel,

11   including, but not limited to, police or sheriffs, may assist the Receiver in implementing

12   these provisions in order to keep the peace and maintain security.  If requested by the

13   Receiver, the United States Marshals Service will provide appropriate and necessary

14   assistance to the Receiver to implement this Order and is authorized to use any necessary

15   and reasonable force to do so;

16          D.    Suspend business operations of the Receivership Defendants if in the

17   judgment of the Receiver such operations cannot be continued legally and profitably;

18          E.    Conserve, hold, and manage all assets of the Receivership Defendants, and

19   perform all acts necessary or advisable to preserve the value of those assets in order to

20   prevent any irreparable loss, damage, or injury to consumers or creditors of the

21   Receivership Defendants, including, but not limited to, obtaining an accounting of the

22   assets and preventing the unauthorized transfer, withdrawal, or misapplication of assets;

23          F.    Enter into contracts and purchase insurance as advisable or necessary;

24          G.    Prevent the inequitable distribution of assets and determine, adjust, and

25   protect the interests of consumers and creditors who have transacted business with the

26   Receivership Defendants;

27          H.    Manage and administer the business of the Receivership Defendants until

28   further order of this Court by performing all incidental acts that the Receiver deems to be

18

1    advisable or necessary, which includes but is not limited to retaining, hiring, or

2    dismissing any employees, independent contractors, or agents;

3    I.    Choose, engage, and employ attorneys, accountants, appraisers, and other

4    independent contractors and technical specialists, as the Receiver deems advisable or

5    necessary in the performance of duties and responsibilities under the authority granted by

6    this Order;

7    J.    Make payments and disbursements from the receivership estate that are

8    necessary or advisable for carrying out the directions of, or exercising the authority

9    granted by, this Order. The Receiver shall apply to the Court for prior approval of any

10   payment of any debt or obligation incurred by the Receivership Defendants prior to the

11   date of entry of this Order, except payments that the Receiver deems necessary or

12   advisable to secure assets of the Receivership Defendants, such as rental payments;

13   K.    Institute, compromise, adjust, appear in, intervene in, or become party to

14   such actions or proceedings in state, federal or foreign courts or arbitration proceedings

15   as the Receiver deems necessary and advisable to preserve or recover the assets of the

16   Receivership Defendants, or that the Receiver deems necessary and advisable to carry out

17   the Receiver's mandate under this Order, including, but not limited to, actions

18   challenging fraudulent or voidable transfers;

19   L.    Defend, compromise, adjust, or otherwise dispose of any or all actions or

20   proceedings instituted in the past or in the future against the Receiver in his role as

21   Receiver, or against the Receivership Defendants, as the Receiver deems necessary and

22   advisable to preserve the assets of the Receivership Defendants, or as the Receiver deems

23   necessary and advisable to carry out the Receiver's mandate under this Order;

24   M.    Issue subpoenas to obtain documents and records pertaining to the

25   Receivership, and conduct discovery in this action on behalf of the Receivership estate;

26   N.    Open one or more bank accounts as designated depositories for funds of the

27   Receivership Defendants. The Receiver shall deposit all funds of the Receivership

28   Defendants in such a designated account and shall make all payments and disbursements

19

1   from the Receivership estate from such an account. The Receiver shall serve copies of

2   monthly account statements on all parties;

3       O.      Maintain accurate records of all receipts and expenditures incurred as

4   Receiver;

5       P.      Cooperate with reasonable requests for information or assistance from any

6   state or federal law enforcement agency;

7       Q.      File reports with the Court on a timely basis and at regular intervals or as

8   otherwise directed by the Court.

9                                         **XV.**

10          **TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

11          **IT IS ORDERED** that:

12      A.      Immediately upon service of this Order upon them, or within a period

13  permitted by the Receiver, Defendants, their Representatives, and any other person or

14  entity with possession, custody or control of assets or documents relating to the

15  Receivership Defendants shall transfer or deliver possession, custody, and control of the

16  following to the Receiver:

17          1.      All assets of the Receivership Defendants;

18          2.      All documents of the Receivership Defendants, including, but not

19                  limited to, books and records of accounts, all financial and

20                  accounting records, balance sheets, income statements, bank records

21                  (including monthly statements, canceled checks, records of wire

22                  transfers, and check registers), client lists, title documents and other

23                  papers;

24          3.      All assets belonging to other persons or entities whose interests are

25                  now under the direction, possession, custody, or control of the

26                  Receivership Defendants;

27          4.      All computers and data in whatever form used to conduct the

28                  business of the Receivership Defendants; and

20

1       5.  All keys, codes, and passwords necessary to gain or to secure access

2           to any assets or documents of the Receivership Defendants,

3           including, but not limited to, access to their business premises,

4           means of communication, accounts, computer systems, or other

5           property.

6     B.  In the event any person or entity fails to deliver or transfer any asset or

7   otherwise fails to comply with any provision of this Section, the Receiver may file *ex*

8   *parte* an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit,

9   the Court may authorize, without additional process or demand, Writs of Possession or

10  Sequestration or other equitable writs requested by the Receiver.  The writs shall

11  authorize and direct the United States Marshals Service or any sheriff or deputy sheriff of

12  any county to seize the asset, document, or other item and to deliver it to the Receiver.

13                  **XVI.**

14         **PROVISION OF INFORMATION TO RECEIVER**

15    **IT IS ORDERED** that Defendants shall provide to the Receiver, immediately

16  upon request, the following:

17    A.  A list of all assets and property, including accounts, of the Receivership

18  Defendants that are held in any name other than the name of a Receivership Defendant,

19  or by any person or entity other than a Receivership Defendant; and

20    B.  A list of all agents, employees, officers, servants or those persons in active

21  concert and participation with the Individual Defendants and Receivership Defendants

22  who have been associated with or done business with the Receivership Defendants.

23                 **XVII.**

24          **COOPERATION WITH THE RECEIVER**

25    **IT IS ORDERED** that Defendants, their Representatives, and all other persons or

26  entities served with a copy of this Order shall fully cooperate with and assist the Receiver

27  in taking and maintaining possession, custody, or control of the assets of the Receivership

28  Defendants.  This cooperation and assistance shall include, but not be limited to:

1  providing information to the Receiver that the Receiver deems necessary in order to

2  exercise the authority and discharge the responsibilities of the Receiver under this Order;

3  providing any password required to access any computer, electronic file, or telephonic

4  data in any medium; advising all persons who owe money to the Receivership

5  Defendants that all debts should be paid directly to the Receiver; and transferring funds at

6  the Receiver's direction and producing records related to the assets and sales of the

7  Receivership Defendants. The entities obligated to cooperate with the Receiver under

8  this provision include, but are not limited to, banks, broker-dealers, savings and loans,

9  escrow agents, title companies, commodity trading companies, precious metals dealers

10  and other financial institutions and depositories of any kind, payment processors,

11  payment gateways, insurance companies, as well as all third-party billing agents,

12  common carriers, and other telecommunications companies.

13  ## XVIII.

14  ## INTERFERENCE WITH THE RECEIVER

15  **IT IS ORDERED** that Defendants, their Representatives, corporations,

16  subsidiaries, divisions, or affiliates are hereby restrained and enjoined from directly or

17  indirectly:

18  A.    Interfering with the Receiver managing, or taking custody, control, or

19  possession of the assets or documents subject to this Receivership;

20  B.    Transacting any of the business of the Receivership Defendants or any

21  substantially similar name;

22  C.    Transferring, receiving, altering, selling, encumbering, pledging,

23  assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the

24  possession or custody of, or in which an interest is held or claimed by, the Receivership

25  Defendants, or the Receiver;

26  D.    Destroying, secreting, defacing, transferring, or otherwise altering or

27  disposing of any documents of the Receivership Defendants, including, but not limited to,

28  books, records, accounts, or any other papers;

1        E.        Excusing debts owed to the Receivership Defendants;

2        F.        Refusing to cooperate with the Receiver or the Receiver's duly

3 authorized agents in the exercise of their duties or authority under any order of this Court;

4 and

5        G.        Harassing or interfering with the Receiver in any way.

6                                             **XIX.**

7            **STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS**

8            **IT IS ORDERED** that:

9        A.      Except by leave of this Court, during pendency of the Receivership ordered

10 herein, Defendants, their Representatives, and all investors, creditors, stockholders,

11 lessors, customers and other persons seeking to establish or enforce any claim, right, or

12 interest against or on behalf of Defendants, and all others acting for or on behalf of such

13 persons, are hereby enjoined from taking action that would interfere with the exclusive

14 jurisdiction of this Court over the assets or documents of the Receivership Defendants,

15 including, but not limited to:

16                1.      Petitioning, or assisting in the filing of a petition, that would cause

17                        any Receivership Defendant to be placed in bankruptcy;

18                2.      Commencing, prosecuting, or continuing a judicial, administrative,

19                        or other action or proceeding against the Receivership Defendants,

20                        including the issuance or employment of process against the

21                        Receivership Defendants, *except* that such actions may be

22                        commenced if necessary to toll any applicable statute of limitations;

23                3.      Filing or enforcing any lien on any asset of the Receivership

24                        Defendants; taking or attempting to take possession, custody, or

25                        control of any asset of the Receivership Defendants; accelerating the

26                        due date of any obligation; or attempting to foreclose, forfeit, alter,

27                        or terminate any interest in any asset of the Receivership

28

1    Defendants, whether such acts are part of a judicial proceeding, are

2    acts of self-help, or otherwise;

3    4.    Initiating any other process or proceeding that would interfere with

4    the Receiver managing or taking custody, control, or possession of,

5    the assets or documents subject to this receivership.

6    *Provided that,* this Order does not stay (1) The commencement or continuation of

7    a criminal action or proceeding; (2) The commencement or continuation of an

8    action or proceeding by a governmental unit to enforce such governmental unit's

9    police or regulatory power; or (3) The enforcement of a judgment, other than a

10   money judgment, obtained in an action or proceeding by a governmental unit to

11   enforce such governmental unit's police or regulatory power.

12   **XX.**

13   **COMPENSATION OF RECEIVER**

14   **IT IS ORDERED** that the Receiver and all personnel hired by the Receiver as

15   herein authorized, including counsel to the Receiver and accountants, are entitled to

16   reasonable compensation for the performance of duties pursuant to this Order and for the

17   cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in

18   the possession or control of or which may be received by the Receivership Defendants.

19   The Receiver shall file with the Court and serve on the parties periodic requests for the

20   payment of such reasonable compensation, with the first such request filed no more than

21   sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the

22   hourly rates used as the bases for such fee applications without prior approval of the

23   Court.

24   **XXI.**

25   **RECEIVER'S BOND**

26   **IT IS ORDERED** that the Receiver shall maintain with the Clerk of this Court a

27   bond in the sum of $10,000, with sureties to be approved by the Court, conditioned that

28

24

1 the Receiver will well and truly perform the duties of the office and abide by and perform
2 all acts the Court directs. 28 U.S.C. § 754.

3                                    **XXII.**

4                          **EXPEDITED DISCOVERY**

5          **IT IS ORDERED** that pursuant to Federal Rule of Civil Procedure 26(d)(1),
6 discovery may commence at any time after the entry of this order. In aid of the asset
7 freeze in this matter, the Commission and the Receiver are further authorized to conduct
8 expedited discovery concerning the Defendants' assets and the location of business
9 records ("expedited asset discovery") in accordance with the following:

10         A.    The Commission and the Receiver may take the depositions of parties and
11 non-parties. Ninety-six hours (96) notice shall be sufficient notice for such depositions.
12 Deposition transcripts that have not been signed by the witness may be used the
13 preliminary injunction hearing in this matter. The limitations set forth in Federal Rule of
14 Civil Procedure 30(a)(2) and 31(a)(2) regarding subsequent depositions of an individual
15 shall not apply to depositions taken pursuant to this Section, and those depositions shall
16 not count toward the deposition limit set forth in said rules;

17         B.    The Commission and the Receiver may serve upon parties requests for
18 production of documents or inspection that require production or inspection within five
19 (5) business days of service, and may serve subpoenas upon non-parties that direct
20 production or inspection within five (5) business days of service;

21         C.    The Commission and the Receiver may serve deposition notices and other
22 discovery requests upon the parties to this action by facsimile, overnight courier, or e-
23 mail, and depositions may be taken by telephone or other remote electronic means; and

24         D.    Any discovery taken pursuant to this Order is in addition to, and is not
25 subject to, the presumptive limits on discovery set forth in the Federal Rules of Civil
26 Procedure and Local Rules of this Court.

27
28

                                          25

## XXIII.

## SERVICE OF THIS ORDER

**IT IS ORDERED** that copies of this Order may be served by any means, including facsimile transmission and e-mail, upon any Defendant, financial institution, or other entity or Person that may have possession, custody, or control of any documents or assets of any of the Defendants, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXIV.

## SERVICE UPON PLAINTIFF

**IT IS ORDERED** that all correspondence and service of pleadings or other documents related to this Order or Plaintiff's motion for a preliminary injunction shall be addressed to

Rhonda Perkins
Janet Ammerman
Federal Trade Commission
600 Pennsylvania Ave., NW, Room H-286
Washington, DC 20580
Fax: 202-326-3395
Email: rperkins@ftc.gov; jammerman1@ftc.gov

## XXV.

## DEFENDANTS' DUTY TO DISTRIBUTE ORDER

**IT IS ORDERED** that Defendants shall immediately provide a copy of this Order to each of their affiliates, subsidiaries, divisions, sales entities, successors, assigns, officers, directors, employees, independent contractors, client companies, agents, attorneys, spouses, and representatives, and shall, within five (5) days from the date of entry of this Order, provide the Commission with a sworn statement that: (1) confirms that Defendants have provided copies of the Order as required by this paragraph; and (2) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors,

26

1    attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active

2    concert or participation with them to disregard this Order or believe that they are not

3    bound by its provisions.

4                          **XXVI.**

5        **DURATION OF PRELIMINARY INJUNCTION ORDER**

6        **IT IS ORDERED** that this Preliminary Injunction Order shall remain in full force

7    and effect pending trial on the merits unless sooner modified or dissolved.

8                          **XXVII.**

9           **RETENTION OF JURISDICTION**

10        **IT IS ORDERED** this Court shall retain jurisdiction of this matter for all

11    purposes.

12        Dated this 19th day of August, 2013.

13

14

15

16                          Roslyn O. Silver
                        Chief United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28